UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: <br><br> CONSTANTIN ARDASHES ZAKARIAN <br><br> Debtor | ) <br> ) Chapter 7 <br> ) Case No. 16-13971-MSH <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF DECISION AND ORDER ON THE TRUSTEE'S LIMITED OBJECTION TO THE DEBTOR'S HOMESTEAD EXEMPTION CLAIM**

John J. Aquino, the chapter 7 trustee in this case, has filed an objection to the exemption in real property claimed by the debtor, Constantin Zakarian, requesting that the amount of the exemption be limited either to $125,000, the so-called automatic homestead exemption under Massachusetts law, or $160,375, based on the maximum exemption allowable under the Bankruptcy Code for property interests acquired by a debtor during the 1,215 day period (that's about three years and four months) preceding the filing of his bankruptcy petition.[1] Mr. Zakarian disagrees with his trustee, claiming an exemption in the property under the Massachusetts Homestead Act in the amount of $276,205 based on his recorded declaration of homestead and adds suspenders to his belt by relying on his wife's declaration of homestead recorded after Mr. Zakararian filed his bankruptcy petition.

I will sustain Mr. Aquino's objection and limit Mr. Zakarian's exemption claim to $160,375. The following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure explain why.

---

[1] All references to the Bankruptcy Code or Code are to 11 U.S.C. §§ 101 *et seq*.

First the facts, which are straightforward and are derived from the parties' undisputed allegations and exhibits in their pleadings and from their joint statement as to the beneficial ownership of the trust that at one time owned the property that is the subject of this dispute. That property is a single-family home located at 500 Union Street in Braintree, Massachusetts which, during all times relevant to this matter, Mr. Zakarian and his wife, Kohar, have occupied as their principal residence.

In July of 1999, the Zakarians transferred title to the Braintree property to the Kohar Family Trust which was formed under a Declaration of Trust dated July 2, 1999, and recorded at the Norfolk County Registry of Deeds on July 30, 1999. Since its formation, Mr. Zakarian has served as the trustee of the trust and Ms. Zakarian and the Zakarians' two children have been its beneficiaries. In December of 2013, the trust transferred title to the Braintree property to Mr. and Ms. Zakarian as tenants by the entirety.

On October 14, 2016, Mr. Zakarian recorded a declaration of homestead under the Massachusetts Homestead Act, M. G. L. c. 188, with respect to the Braintree property at the Norfolk County Registry of Deeds. Despite the fact that at that time title to the property stood in the names of the Zakarians individually, Mr. Zakarian used a declaration of homestead form intended for property held in a trust. The homestead declaration was filed in the name of Mr. Zakarian as trustee of the Kohar Family Trust for the benefit of the beneficiaries of the trust identified on the form and was signed by Mr. Zakarian in the space on the declaration reserved for the trustee. Mr. Zakarian also identified himself on the declaration as the sole beneficiary of the trust and asserted his entitlement to the enhanced homestead protection afforded to elderly or

disabled individuals under the Homestead Act. He identified his wife, Kohar, on the line reserved for the beneficiary's spouse. She did not execute the homestead declaration.

On October 17, 2016, Mr. Zakarian initiated this bankruptcy case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On schedule A/B of the schedules of assets and liabilities accompanying his petition, Mr. Zakarian listed an ownership interest as a joint tenant in the Braintree property. On schedule C, Mr. Zakarian claimed a homestead exemption in the Braintree property pursuant to the Massachusetts Homestead Act in the amount of $276,205.

Mr. Aquino filed his objection to Mr. Zakarian's homestead exemption claim on January 17, 2017. On February 24, 2017, Ms. Zakarian recorded her own declaration of homestead with respect to the Braintree property in the Norfolk County Registry of Deeds. She used the correct form. Like Mr. Zakarian, she declared herself entitled to the benefits accorded to elderly or disabled individuals.

It is Mr. Aquino's position that because the October 2016 declaration of homestead recorded by Mr. Zakarian was executed by him as trustee of the Kohar Family Trust for the benefit of the named beneficiaries of that trust, when in fact the Braintree property was not owned by the trust, the declaration is a nullity. The trustee also points to the requirement in § 5(a)(3) of the Homestead Act which provides that where a home is co-owned by a married couple and both occupy the premises as their principal residence, both spouses must execute the homestead declaration, and notes that here the October 2016 declaration of homestead was not signed by Ms. Zakarian. As to Ms. Zakarian's separate homestead declaration, Mr. Aquino points out it was filed after commencement of this bankruptcy case and should have no force as

3

to his rights as a bankruptcy trustee or the rights of Mr. Zakarian's creditors. Because as of the date of Mr. Zakarian's bankruptcy filing, no valid declaration of homestead was of record with respect to the Braintree property, Mr. Aquino asserts that Mr. Zakarian's homestead rights are limited to the automatic exemption of $125,000 under M. G. L. ch. 188 § §1 and 4.

As a fallback, Mr. Aquino maintains that even if Mr. Zakarian's homestead declaration is held to be valid, because Mr. Zakarian acquired his ownership interest in the Braintree property from the trust within 1,215 days of his bankruptcy filing, Bankruptcy Code § 522(p)(1) would limit his homestead exemption to a maximum of $160,375.

Mr. Zakarian sees things differently. He claims that his exemption is not subject to the § 522(p)(1) cap since he has resided, along with his wife, in the Braintree property for more than 30 years and the transfers of title to and from the Kohar Family Trust did not interrupt the continuity of their ownership. But his trump card is Ms. Zakarian's post-bankruptcy petition recording of her own declaration of homestead, which he claims as a practical matter neutralizes any of the objections raised by Mr. Aquino.

In working through the parties' arguments it is helpful to outline the relevant statutory framework and set out some guiding legal principles. Under § 522(b) of the Bankruptcy Code, a debtor may elect to exempt property of the estate either under federal bankruptcy law or under state law or non-bankruptcy federal law.[2] Mr. Zakarian has claimed his exemptions, including his homestead exemption, under state law. The Massachusetts Homestead Act:

> [P]ermits an individual who owns and occupies real property as her residence to place her equity in the residence, generally up to a maximum of $500,000, beyond the reach of

---

[2] Section 522(b)(2) allows a state to prohibit its residents from electing the federal bankruptcy exemptions. Massachusetts has not joined such "opt out states" and thus its residents are free to elect either the state or federal exemption scheme

4

> creditors. Mass. Gen. Laws ch. 188, § 1 *et seq.* (2010). The Massachusetts homestead statute was "designed to benefit the homestead declarant ... by protecting the family residence from the claims of creditors." *Dwyer v. Cempellin,* 424 Mass. 26, 673 N.E.2d 863, 866 (1996). Accordingly, the homestead exemption should be construed liberally in favor of debtors. *Id.* An objecting party has the burden of proving that the debtor is not entitled to the claimed homestead exemption. Fed. R. Bankr. P. 4003(c); *see also Aroesty v. Bankowski (In re Aroesty),* 385 B.R. 1, 4 (1st Cir. BAP 2008).

*In re Welch*, 486 B.R. 1, 3 (Bankr. D. Mass. 2013).

To receive the maximum protection under the Massachusetts Homestead Act, the statute requires a homeowner to record a declaration of homestead. M. G. L. c. 188 § 3(a). This creates an estate of homestead for the benefit of each owner of the home and the owner's family who occupy or intend to occupy the home as their principal residence. *Id*. Generally a declared homestead exempts from creditor seizure up to $500,000 in equity in the home. M. G. L. c. 188 § 1. In the absence of a declared homestead, the statute confers an automatic homestead of $125,000 on an owner and the owner's family member. M. G. L. c. 188 § §1 and 4.

Determining whether a homeowner is entitled to a declared homestead exemption involves a two-part inquiry. A court will consider first, whether the homeowner is entitled to declare a homestead and second, whether the declaration itself complies with the statutory requirements. *In re Newcomb*, 513 B.R. 7, 15 (Bankr. D. Mass. 2014).

As to the first inquiry, to be eligible for homestead protection in Massachusetts a person must be an owner of the property and the property must be his principal residence. M. G. L. c. 188 § 1 defines owner as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust." It defines principal residence as "the home where an owner, and the owner's family if applicable, resides or intends to reside as the primary dwelling." Mr. Zakarian owns the Braintree property

5

as a tenant by the entirety and shares it with Ms. Zakarian as their principal residence. He is thus eligible to declare a homestead in the Braintree property.

The second inquiry as to whether the declaration itself is valid requires the court to apply M. G. L. c. 188, § 5, which sets forth the requirements for the form of the declaration of homestead. It provides, in pertinent part, that:

> (a) A declaration of homestead shall be in writing, signed and acknowledged under penalty of perjury by each owner to be benefited by the homestead, except as provided in clause (4), shall be recorded and shall comply with the following:
> (1) each owner to be benefited by the homestead, and the owner's non-titled spouse, if any, shall be identified;
> (2) the declaration shall state that each person named therein occupies or intends to occupy the home as their principal residence;
> (3) if the home is co-owned by a married couple, whether in their names only or as co-tenants with others, and the home is the principal residence or is intended to be the principal residence of both spouses, a declaration under section 3 shall be executed by both spouses; and
> (4) if the home is owned in trust, only the trustee shall execute the declaration.
> (b) A declaration of homestead under section 2 shall, in addition to the requirements of subsection (a), include the following:
> (1) a statement that the owner to be benefited is an elderly person or a disabled person.
> (2) with respect to a declaration of homestead benefiting a disabled person: (i) an original or certified copy of a disability award letter issued to the person by the United States Social Security Administration; or (ii) a letter signed by a physician registered with the board of registration in medicine certifying that the person meets the disability requirements stated in 42 U.S.C. 1382c(a)(3)(A) and 42 U.S.C. 1382c(a)(3)(C) as in effect at the time of recording; provided, however, that the award letter or physician's letter shall be recorded with the declaration.

M. G. L c. 188, § 5.

In this case the declaration of homestead with respect to the Braintree property that was recorded on October 14, 2016, was on behalf of the Kohar Family Trust for the benefit of Mr. Zakarian. The declaration is doubly flawed in that at the time of recording, the property was no longer owned by the trust and Mr. Zakarian was not and never had been a trust beneficiary.

6

Despite these infirmities the question remains, does the declaration meet the requirements of M. G. L. c. 188, § 5?

*Newcomb, supra,* involved a declaration of homestead by a trust which identified the trust beneficiaries as the chapter 7 debtor and his wife when in fact the trust beneficiary was another trust. In overruling the chapter 7 trustee's objection to the debtor's claimed homestead exemption under the Massachusetts statute Judge William C. Hillman of this court concluded:

> Without question this statement [as to beneficial ownership] if not inaccurate is at very least imprecise, but I fail to see how it could be fatal to the Declaration considering Mass. Gen. Laws ch. 188, § 5(a) does not require this information at all. The Declaration need only identify the "owner," which, as the Trustee has repeatedly emphasized, is *a natural person*. Because owners are not under any obligation to explain the derivation of their ownership interest in the home and such an error prejudices no one, I predict that the Supreme Judicial Court would deem the error immaterial and uphold the validity of the homestead declaration.

*In re Newcomb*, 513 B.R. 7, 15 (Bankr. D. Mass. 2014).

I find Judge Hillman's reasoning applicable here. Like the error in *Newcomb*, the errors contained in Mr. Zakarian's declaration of homestead do not impact the attributes required to qualify as a declaration under the statute.

M. G. L. c. 188 § 5(a)(1) requires each owner to be benefitted by the declaration to be identified. The declaration filed by Mr. Zakarian does that by identifying him by name as the beneficiary of the Kohar Family Trust. The fact that he wasn't a beneficiary and that the trust no longer held title to the Braintree property prejudices no one. The declaration of homestead satisfies M. G. L. c. 188 § 5(a)(1) because despite misstating the *nature* of ownership of the Braintree property it correctly identifies Mr. Zakarian as an owner.

7

M. G. L. c. 188 § 5(a)(2) provides that the declaration must state that each person named occupies or intends to occupy the home as his or her principal residence. Mr. Zakarian's declaration does that and so satisfies this requirement.

M. G. L. c. 188 § 5(a)(3), which requires a declaration with respect to property co-owned by spouses to be signed by both spouses, is not applicable to Mr. Zakarian's declaration because it is an elderly or disabled declaration under M. G. L. c. 188 § 2 which requires the signature only of the individual elderly or disabled owner. Section 5(a)(3) applies only to garden-variety homestead declarations under M. G. L. c. 188 § 3. It is for this reason, by the way, that Mr. Aquino's argument that the declaration is defective because Ms. Zakarian did not sign it, fails.

M. G. L. c. 188 § 5(a)(4) is not applicable here because the property was not owned in a trust when the declaration was recorded. And in any event, of course, the declaration is signed by the trustee of the trust.

Finally, Mr. Zakarian's declaration states that "the below named beneficiary or beneficiaries qualify as elderly or disabled under the definition set forth in Chapter 188, Section 1 and occupy or intend to occupy said premises as their principal residence and by virtue of this declaration come under the homestead protection of M. G. L. Chapter 188, Section 2," thus complying with M. G. L. c. 188 § 5(b) (1).[3]

Mr. Zakarian's declaration of homestead with respect to the Braintree property touches all the bases required by M. G. L. c. 188, § 5, not squarely for sure, but that is not necessary. In light of the Massachusetts Supreme Judicial Court's admonition to liberally construe the homestead statute in favor of declarants, *Dwyer v. Cempellin*, 424 Mass. 26, 673 N.E.2d 863

---

[3] M. G. L. c. 188 § 5(b)(2) is not applicable because Mr. Zakarian does not claim to be disabled.

8

(1996), I conclude that even Mr. Zakarian's ephemeral brush of the bases will suffice. Anyone inquiring of the public record will learn that Mr. Zakarian declared a homestead in the Braintree property as an owner. The inaccuracy as to the derivation of his ownership interest "prejudices no one," *Newcomb*, 513 B.R. at 7, beyond those whom the Homestead Act was intended to prejudice.

Having determined that Mr. Zakarian's declaration satisfies the state law requirements, I turn to Mr. Aquino's demand that the amount of Mr. Zakarian's exemption be capped at $160,375 pursuant to Bankruptcy Code § 522(p). Under that Code section, if a debtor elects to exempt property under state law, "a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215–day period preceding the date of filing of the petition that exceeds in the aggregate $160,375 in value in real or personal property that the debtor claims as a homestead." 11 U.S.C. § 522(p)(1)(D). The Bankruptcy Appellate Panel for the First Circuit has explicated the statute as follows: "[A] homestead exemption permitted under state law is subject to the limitation under § 522(p)(1) when three elements exist: (i) an interest in property (ii) is acquired by the debtor (iii) within 1215 days of the petition filing date." *Aroesty,* 385 B.R. at 4.

The Bankruptcy Code does not define the terms "interest" and "acquired". In the context of § 522(p), interest "has been interpreted to mean 'some legal or equitable interest that can be quantified by a monetary figure,' ... or simply as 'equity in the homestead.' " *In re Aroesty*, 385 B.R. 1, 7 (B.A.P. 1st Cir. 2008) (citing *Khan,* 375 B.R. at 9). "Acquired"

> …is modified by the phrase "by the debtor." *In re Rasmussen,* 349 B.R. 747, 757 (Bankr.M.D.Fla.2006). "[T]he addition of the clause 'by the debtor' after 'acquires' implies more than a passive acquisition—such as appreciation; it implies an active acquisition of equity such as by an affirmative act of a down payment or mortgage pay

9

down." *Id.* at 757. Thus, in order for the § 522(p) cap to apply, the debtor must actively acquire the interest.

*In re Welch*, 486 B.R. 1, 4 (Bankr. D. Mass. 2013).

While Mr. Zakarian did file a valid declaration of homestead and is entitled to a statutory homestead exemption in the Braintree property, he is not eligible to claim the maximum statutory amount. The imposition of the § 522(p) cap to limit Mr. Zakarian's homestead exemption is warranted here. He acquired an ownership interest in the Braintree property on December 19, 2013, when the Kohar Family Trust transferred title to the property to him and Ms. Zakarian as tenants by the entirety. Prior to that date he had no beneficial ownership interest in the property, only a legal interest as trustee of the trust.

*Aroesty* involved a similar scenario. In *Aroesty* the debtor was a beneficiary of the trust but not the trustee. The First Circuit BAP found that the transfer of title from the trust to the debtor, individually, did not affect her beneficial ownership in the property (as she was already a trust beneficiary), but it did confer on her legal title which up to that time had been held by the trustee of the trust. The court held that the debtor's acquisition of legal title constituted the acquisition of an interest sufficient to trigger § 522(p).

The facts in this case are the converse of *Aroesty*—Mr. Zakarian was the trustee of the trust but not a beneficiary. The rationale for applying § 522(p), however, is equally, if not more, compelling. A recent decision by Judge Frank J. Bailey of this court, *In re Meguerditchian*, 566 B.R. 102 (Bankr. D. Mass. 2017), persuasively concluded that the interest acquired by a debtor during the 1,215 day period must have some quantifiable economic value, for example, real estate equity. Here, Mr. Zakarian acquired his entire equity ownership interest in the Braintree

property within 1,215 days of the filing of his bankruptcy petition. Thus, the § 522(p) cap must be imposed.

The fact that Ms. Zakarian recorded her own elderly declaration of homestead after Mr. Zakarian filed his bankruptcy petition has no impact on the results here. "It is a basic principle of bankruptcy law that exemptions are determined when a petition is filed." *Pasquina v. Cunningham (In re Cunningham),* 513 F.3d 318, 324 (1st Cir. 2008). By the time Ms. Zakarian recorded her declaration of homestead, Mr. Aquino, as chapter 7 trustee, had succeeded to Mr. Zakarian's interest in the Braintree property and so Ms. Zakarian's homestead rights are subject to the rights of Mr. Aquino.

To sum up, while Mr. Zakarian's declaration of homestead is valid under state law it is subject to allowance only in the maximum amount permitted under Bankruptcy Code § 522(p)– $160,375. To this extent Mr. Aquino's objection is sustained.

SO ORDERED.

Dated this   3   day of August, 2017, at Boston, Massachusetts.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    John J. Aquino, Esq.
Anderson Aquino LLP
Boston, MA
for John J. Aquino, Trustee

Gregory M. Sullivan, Esq.
Law Office of Gregory M. Sullivan
Malden, MA
for Constantin A. Zakarian